UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JONATHAN CHAMBERS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 14-1461 |
| ZACK BENNING et al, | ) ) | |
| Defendants. | ) | |

## MERIT REVIEW OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Western Illinois Correctional Center, pursues claims for alleged constitutional violations related to false arrest, illegal search and seizure, and malicious prosecution. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (quoted citation omitted).

## ALLEGATIONS

Plaintiff alleges that Fairbury Police Department officers conducted an illegal search of his girlfriend's residence, which led to his subsequent arrest and prosecution. Plaintiff alleges that he was falsely arrested, and that the search was based upon false information. In addition, Plaintiff alleges that the then-Livingston County State's Attorney pressured him into accepting a plea agreement. Plaintiff brought an identical claim against the same defendants in a case filed August 26, 2014. See Chambers v. Benning et al, No. 14-CV-2204 (C.D. Ill. filed August 26, 2014). The previous case was dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). See id., Merit Review Opinion, October 9, 2014, ECF No. 9.

## ANALYSIS

The doctrine of res judicata, also known as claim preclusion, prohibits a party from re-litigating a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction…in a subsequent suit between the same parties…." Montana v. U.S., 440 U.S. 147, 153 (1979) (citations omitted); see Ross ex. rel. Ross v. Bd. of Educ. of Tp. High School

Dist. 211, 486 F.3d 279, 282 (7th Cir. 2007) (quoting Montana). The doctrine was intended to "protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." Taylor v. Sturgell, 553 U.S. 880, 892 (2008). Three requirements must be met for res judicata to apply: (1) an identity of the parties; (2) an identity of the claims; and (3) a final judgment on the merits. Ross, 486 F.3d at 283. Courts use a functional approach in determining whether two cases involve the same claims, and cases will be considered the same for res judicata purposes if they "arise out of the same transaction" or share a "common core of operative fact." Id. If this standard is met, any claims that were or could have been raised in the prior action are barred. Id.; Highway J Citizens Group v. U.S. Dep't Transp., 456 F.3d 734, 741 (7th Cir.2006).

All three requirements are met here. The Plaintiff named the same defendants in this lawsuit as he did in the prior suit. The claims in both lawsuits arise from the search of Plaintiff's girlfriend's residence and Plaintiff's subsequent prosecution on criminal charges. In addition, Plaintiff's allegations are similar and

both complaints contain similar exhibits. As the Court in the first case entered a final judgment dismissing Plaintiff's claims pursuant to 42 U.S.C. § 1915A, Plaintiff's claims in the present lawsuit are barred under the doctrine of res judicata.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. This case is closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58. All pending motions are denied as moot.

2) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

3) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of

judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

ENTERED: January 30, 2015

FOR THE COURT:

         *s/Sue E. Myerscough*
        SUE E. MYERSCOUGH
    UNITED STATES DISTRICT JUDGE